Case 3:24-cv-00028-NKM-JCH   Document 1   Filed 04/26/24   Page 1 of 7   Pageid#: 1

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
4/26/2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

| | | |
|---|---|---|
| ROBERT NELSON,<br><br>*Plaintiff,*<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>*Defendant.*<br><br><u>Please Serve</u>:<br>C T Corporation System, RA<br>4701 Cox Road, Suite 285<br>Glen Allen, VA, 23060 – 6808 | * * * * * * * * * * * * * * * * * | 3:24cv00028 |

## **COMPLAINT**

Now into Court, through undersigned counsel, come the Plaintiff, Robert Nelson and moves the Court for judgment against Defendant Ford Motor Company on the basis of the following facts and law:

## **JURISDICTION**

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332. Plaintiff is a citizen of Gloucester County, New Jersey, and Defendant Ford Motor Company is a corporation organized under the laws of Delaware

with a principal place of business at in Dearborn, Michigan. The amount in controversy exceeds $75,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Charlottesville Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On May 7, 2023, Plaintiff purchased a 2023 Ford F-150 XL 4WD (VIN 1FTEW1EP4PKD51749) (hereafter "*subject vehicle*") from Battlefield Ford Culpeper, located in Culpeper, Virginia. Battlefield Ford Culpeper is an authorized dealer of Defendant Ford Motor Company for sales and warranty service and repair.

5. Plaintiff purchased the subject vehicle for a total purchase price of $57,983.97. The subject vehicle came with a 3-year/36,000-mile basic warranty and a 5-year/60,000-mile powertrain warranty. By operation of law the Defendant extended an implied warranty of merchantability and fitness for its ordinary use.

6. On June 20, 2023, the Plaintiff brought the subject vehicle to Winner Ford Cherry Hill, located in Cherry Hill, New Jersey. Winner Ford Cherry Hill is an authorized dealer of Defendant Ford Motor Company for sales and warranty service and repair. The Plaintiff reported that the navigation system was inoperable and displayed a message directing the Plaintiff to "*see the dealer*." Repairs were attempted. The Plaintiff picked up the subject vehicle that same day. The subject vehicle was out of service 1 day for

warranty service and repair. There were 2,127 miles on the odometer at the time of this repair attempt.

7.     On August 8, 2023, the Plaintiff brought the subject vehicle back to Winner Ford Cherry Hill because the reserve camera was not functioning at times and would simply display the Ford logo. No repairs were made. The Plaintiff picked up the subject vehicle on August 9, 2023. The subject vehicle was out of service for 2 days for this failed repair attempt.

8.     On October 24, 2023, the Plaintiff brought the subject vehicle back to Winner Ford Cherry Hill because the back-up camera was still not functioning at times and would simply display the Ford logo. Again, no repairs were made. The Plaintiff picked up the subject vehicle that same day. The subject vehicle was out of service for 1 day for this failed repair attempt. The National Highway Safety Administration requires all motor vehicles like the Plaintiff's have functioning rear-view cameras. This warranty defect violates Federal Law and is a serious safety defect.

9.     On November 8, 2023, the Plaintiff brought the subject vehicle back to Winner Ford Cherry Hill because the computer system was taking a long time to boot up and would stay on the logo screen for as much 35 minutes at times before it would turn on. The Plaintiff again reported the back-up camera was inoperable intermittently. Repair attempts were made. The Plaintiff picked up the subject vehicle on November 9, 2023. The subject vehicle was out of service for 2 days due to this repair attempt.

10.    On January 15, 2024, the Plaintiff brought the subject vehicle back to Winner Ford Cherry Hill because the computer system was still taking a long time to boot up and the camera was malfunctioning again. Repair attempts were made. The Plaintiff

picked up the subject vehicle the same day. The subject vehicle was out of service for this repair attempt for 1 day.

11.     On February 12, 2024, the Plaintiff brought the subject vehicle back to Winner Ford Cherry Hill because the computer system was still taking a long time to boot up and the Ford logo would get stuck on the screen for too long. The back-up camera was still not functioning correctly. No repairs were made. The Plaintiff picked up the subject vehicle that same day. The subject vehicle was out of service for 1 day due to this failed repair attempt.

12.     As of the filing of this lawsuit, the Plaintiff's vehicle has been the subject of five repair attempts for defects with the control module/navigation and camera systems.

## COUNT ONE – VIOLATION OF THE VIRGINIA MOTOR VEHICLE WARRANTY ACT

13.     The facts alleged in Paragraphs 1-12 are re-pled and incorporated herein by reference.

14.     Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the "*Virginia Lemon Law*") Virginia Code § 59.1-207.11 et seq.

15.     Defendant Ford Motor Company is a manufacturer as defined by Virginia Code § 59.1-207.11 et seq, and has received due notice under the same statute.

16.     The Virginia Lemon Law requires a manufacturer to *"make such repairs as are necessary to conform the vehicle to such warranty"* that are provided to the consumer. Defendant Ford Motor Company has been unable to repair Plaintiff's vehicle after a reasonable number of repair attempts. Specifically, Virginia Code § 59.1-207.13(B)(1) provides that *"The same nonconformity has been subject to repair three or more times*

*by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist."* The Plaintiff's vehicle has been the subject of five repair attempts and is therefore presumed to have been subject of a reasonable number of repair attempts and is significantly impaired in its use, market value, and safety.

17. Virginia Code § 59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes. Ford Motor Company's inability to repair these serious safety defects qualifies for the presumptions under the Act.

18. Plaintiff seeks to recover as damages the purchase price of the vehicle, $57,983.97, as well as all finance charges, incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, reasonable attorney fees in the amount of one-third of the amount received, or $650.00 per hour, whichever is greater, expert witness fees, and court costs. See, Virginia Code § 59.1-207.14.

## COUNT TWO– MAGNUSSON-MOSS WARRANTY ACT

19. The facts alleged in Paragraphs 1-12 are incorporated herein by reference.

20. Plaintiff Robert Nelson is a consumer as Code § 2301(3). The Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(4)-(5). The subject vehicle is a consumer product as defined in 15 U.S. Code § 2301(1). defined in 15 U.S.

21. The Vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part

of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code § 2301(6)-(7), respectively.

22. The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

23. The Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

24. As a proximate result of the Defendant's violations of the Magnuson-Moss Warranty Act and breach of its warranties, the Plaintiff has been damaged for which the Defendant is responsible. See, 15 U.S. Code § 2304(a) and 2310(d).

25. Plaintiff seeks to recover as damages the purchase price of the vehicle, $57,983.97, as well as all finance charges, incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, reasonable attorney fees in the amount of one-third of the amount received, or $650.00 per hour, whichever is greater, expert witness fees, and court costs. See, Virginia Code § 59.1-207.14.

WHEREFORE, Plaintiff Robert Nelson moves the Court for judgment against Defendant Ford Motor Company in the amount of the purchase price of the subject vehicle $57,983.97, as well as all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $650.00 per hour, or one-third of the amount recovered,

whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first repair attempt, post-judgment interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

                                        Respectfully Submitted,

                                        ROBERT NELSON

                                        By: <u>s/s James B. Feinman</u>
                                                Of Counsel

James B. Feinman, Esq., (VSB # 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*